PRICE, Judge.
W. B. Norton brought this possessory action against Charles A. Addie seeking to have his possession recognized and maintained over a disputed strip of land lying along a common boundary of property owned by each in Caddo Parish.
Several months prior to plaintiff’s filing of this suit a boundary action was filed by Addie asking for a judicial determination of the boundaries between their respective lands. Addie also obtained a temporary restraining order and a preliminary injunction to prevent Norton from contracting to cut the timber on the disputed area. In preparation for the filing of the boundary action, Addie had a survey of his property made by Ben E. Ramsey, a civil engineer.
This survey, which was filed in evidence in this case, purports to show the SE -J4 of the SE 14 of Section 16, T23N, R15W, which was purchased by Addie in May 1962. The survey also reflects the existence of an old fence line running to the north of and parallel to the south line of Section 16.
The area between the old fence line and the south line of Section 16 is the area in dispute and is described in plaintiff’s supplemental petition in this action as follows:
“That portion of land which defendant, Charles A. Addie, contends in boundary action # 222,475, lies within the southeast quarter (SE 1/4) of the southeast quarter (SE 14) of Sec. 16, T23N, R15W, Caddo Parish, Louisiana, as per map of survey dated June 7, 1974, made by Ben E. Ramsey, Registered Civil Engineer for defendant, Charles A. Addie and more particularly described as, starting at a point which Mr. Addie considers to be the southwest corner of the southeast quarter (SE 14) of the southeast quarter (SE 14) of Sec. 16, then run approximately 114' north to a fence that *499 has been in place since 1904 and maintained by the Nortons, then approximately 1320' east along this fence, then south approximately 158', then west approximately 1358' to the point of beginning.”
Plaintiff owns land in Section 22, T23N, R15W, which lies south of and adjacent to Section 16.
It is plaintiff’s position that he was in possession of the above described property at the time of the filing of this action and had possessed it for more than a year prior to this time; that defendant, Addie, has disturbed his possession by the filing of the suit to enjoin plaintiff from cutting the timber from this property.
Addie filed an answer and reconventional demand in which he denies Norton has had possession of the disputed area and asserts he has had possession of the tract in question since acquiring title to the SE 1/4 of the SE 14 of Section 16 in May, 1962.
Addie further alleges plaintiff has disturbed his possession by recently constructing a barbed wire fence through a portion of the SE}4 of the SEJ4 which is owned and possessed by him. He also seeks damages because of this disturbance of his possession by plaintiff.
The trial court rejected Norton’s demands and rendered judgment in fayor of Addie on his reconventional demand maintaining his possession of the disputed area and ordering Norton to assert any adverse claim of ownership in a petitory action within sixty days. The court further awarded Addie damages in the amount of |450.
Norton has appealed from this judgment asserting that the trial court erred in finding his evidence insufficient to establish possession and in finding that Addie had shown any actual acts of possession sufficient to allow him to be recognized as a possessor under Louisiana Code of Civil Procedure, Article 3658.
We find the evidence in the record insufficient to sustain the demands of either party.
Article 3658 of the Louisiana Code of Civil Procedure provides:
“To maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.”
It is apparent from the evidence that doubt has existed for many years as to the correct location of the south line of Section 16, T23N, R15W. This has resulted in the subject area remaining unused other than for the growth of timber over an extensive span of time. None of the witnesses for either party could ever recall timber having been cut in this area during their lifetime. Primarily Norton contends he has had physical possession of the disputed area because he and his lessee have grazed cattle up to the old fence row and that the old fence was maintained by either himself or the lessee. The evidence in regard to the condition and maintenance of the old fence is conflicting. In any event we do not find the evidence of this purported use to be sufficient to overcome other evidence in the record which shows Norton did not consider himself to be in undisturbed possession of this disputed area.
Norton sold the timber on his adjacent land in 1964 and 1965 to Early Young of Plain Dealing. Young testified Norton *500 instructed him not to cut into the disputed tract.
Paul Whetstone testified Norton had discussed the timber with him at one time and informed him he would rather not sell any timber beyond a blazed line until the boundary had been settled.
Addie testified Norton had on several occasions told him the section line was not on the old fence row and that he (Norton) had blazed a line which he thought was correct. Addie later painted the line as allegedly blazed by Norton. There is no testimony in the record to refute this testimony of Addie.
Addie’s vendor, Cordell Brown, testified the area involved in this litigation had been in dispute for many years and that Norton had always maintained that neither he nor Norton should cut the timber in the area until the line was settled.
We find this evidence to show Norton was not in quiet possession of the subject property for more than a year prior to the bringing of this action as required by Article 3658.
Nor do we find Addie has presented sufficient evidence to show he or his ancestors in title have ever had corporeal possession over the disputed area. The only physical usage of the property by Addie has been his occasional hunting on the property. His exercise of civil possession by paying the taxes on the property since 1962 is insufficient to enable him to maintain a possessory action without having first established corporeal possession by more substantial evidence than an infrequent hunting on the land. See Theriot v. La-Terre Company, Inc., 256 So.2d 710 (La.App. 1st Cir. 1971).
For the foregoing reasons the judgment appealed from is affirmed in so far as it rejects the demands of plaintiff, W. B. Norton against defendant, Charles A. Addie, and the judgment is otherwise reversed and the demands of Charles A. Addie in his reconventional demand against W. B. Norton are rejected. Costs of this proceeding, including this appeal, are to be divided equally.